UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 00-0105 (PLF) |
| ) | |
| CORNELIUS SINGLETON, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Cornelius Singleton's Letter to the Judge Chambers ("Letter") [Dkt. No. 436], requesting relief based on his allegation that the United States Bureau of Prisons ("BOP") and the United States Marshals Service have not complied with this Court's December 4, 2001 Memorandum Opinion ("Mem. Op.") [Dkt. No. 223] dismissing one of the charges against him on the grounds of vindictive prosecution.[1] The

---

[1] The Court has reviewed the following additional documents in connection with this matter: Indictment District of Columbia 00-CR-105 [00-CR-105 Dkt. No. 2]; First Superseding Indictment District of Columbia 00-CR-105 [00-CR-105 Dkt. No. 18]; Second Superseding Indictment District of Columbia 00-CR-105 [00-CR-105 Dkt. No. 114]; Third Superseding Indictment District of Columbia 00-CR-105 [00-CR-105 Dkt. No. 185]; Opinion of December 4, 2001 ("Op.") [Dkt. No. 227]; Indictment Middle District of Florida 21-CR-224 ("M.D.F.L. Indict.") [21-CR-224 Dkt. No. 16]; Jury Verdict Middle District of Florida 21-CR-224 ("M.D.F.L. Verdict") [21-CR-224 Dkt. No. 177]; Sentencing Judgment Middle District of Florida 21-CR-224 ("M.D.F.L. Sentencing") [21-CR-224 Dkt. No. 266]; Indictment Southern District of Florida 00-CR-210 ("S.D.F.L. Indict.") [00-CR-210 Dkt. No. 3]; First Superseding Indictment Southern District of Florida 00-CR-210 [00-CR-210 Dkt. No. 72]; Second Superseding Indictment Southern District of Florida 00-CR-210 [00-CR-210 Dkt. No. 144]; Third Superseding Indictment Southern District of Florida 00-CR-210 [00-CR-210 Dkt. No. 181]; Jury Verdict Southern District of Florida 00-CR-210 ("S.D.F.L. Verdict") [00-CR-210 Dkt. No. 229]; and Sentencing Judgment Southern District of Florida 00-CR-210 ("S.D.F.L. Sentencing") [00-CR-210 Dkt. No. 339].

1

government opposes his request for relief. Government's Response to Defendant's Correspondence ("Govt. Resp.") [Dkt. No. 438].

## I.  BACKGROUND

Mr. Singleton and others were indicted by a grand jury in the United States District Court for the District of Columbia on March 16, 2000, on one count of conspiracy to distribute cocaine in the amount of five kilograms or more, in violation of 21 U.S.C §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. Op. at 2-3. On the same day, he was also indicted by a grand jury in the United States District Court for the Southern District of Florida for conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. S.D.F.L. Indict. at 1-2. Mr. Singleton was convicted by a jury in the Southern District of Florida on October 25, 2000, and he was sentenced to 285 months in prison. S.D.F.L. Sentencing at 2.

On August 9, 2001, a grand jury in the District of Columbia returned a superseding indictment charging Mr. Singleton with an additional crime: unlawfully, knowingly and intentionally engaging in a continuing criminal enterprise by unlawfully, knowingly, and intentionally engaging in violations of 21 U.S.C. §§ 841(a)(1), 843, and 846, all in violation of 21 U.S.C. § 848(b). Op. at 2-4. Mr. Singleton objected that the Southern District of Florida and the District of Columbia indictments charged the same conspiracy, raising concerns under the Double Jeopardy Clause of the United States Constitution. See Op. at 4-5. After thorough briefing and argument, this Court agreed and dismissed the conspiracy and continuing criminal enterprise charges on double jeopardy grounds in an opinion and order issued on December 4, 2001. See Op. at 35. Mr. Singleton also filed a separate motion to dismiss the continuing criminal enterprise charge, arguing that the government had brought the charge vindictively after he had challenged the conspiracy charge on double jeopardy grounds. See Mem. Op. at 1. On

December 4, 2001, this Court granted Mr. Singleton's motion, dismissing the continuing criminal enterprise charge on the basis of vindictive prosecution.  Mem. Op. at 3-4.  This memorandum opinion and accompanying order are the subject of Mr. Singleton's pending letter.

On July 13, 2021 – many years after his conviction in the Southern District of Florida – Mr. Singleton was indicted by a grand jury in the Middle District of Florida.  M.D.F.L. Indict.  The indictment in the Middle District of Florida charged Mr. Singleton with two counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(B)(i) and 2.  Id. at 1-2.  On April 15, 2022, Mr. Singleton was convicted by a jury on both counts.  M.D.F.L. Verdict.  He was sentenced to 165 months in prison on those convictions, and the sentence was ordered to run consecutively to the earlier sentence imposed in the Southern District of Florida.  M.D.F.L. Sentencing.

Mr. Singleton now argues that his detention in Florida is unlawful because the BOP and the U.S. Marshals Service failed to comply with this Court's memorandum opinion and accompanying order of December 4, 2001 dismissing the 21 U.S.C. § 848(b) charge on grounds of vindictive prosecution.  He asserts that he remains incarcerated in Florida because of that dismissed charge.  Letter at 1.  He makes no reference to the proceedings in the Southern or Middle Districts of Florida.  Id.  Mr. Singleton asks the Court to "correct this issue by ordering the B.O.P. and . . . F.C.I. Miami . . . to release" him from incarceration.  Id.

In its response, the government confirms that Mr. Singleton is "indeed incarcerated" and notes that, according to the information provided by the BOP, "[Mr. Singleton's] current period of incarceration stems from [convictions] in the United States District Court for the Middle District of Florida," not from any decisions of this Court.  Govt. Resp. at 1-2.  The government opposes the grant of relief on the grounds that Mr. Singleton's

incarceration is not connected in any way to the proceedings in Mr. Singleton's case in this District.  Id. at 2.

## II.  DISCUSSION

"Federal district courts are courts of limited jurisdiction and 'possess only that power conferred by Constitution and statute.'"  Patterson v. Dist. of Columbia Hous. Auth., 691 F. Supp. 2d 117, 118 (D.D.C. 2010) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)).  These powers "do not include the power to review the decisions of other district courts or to force other district courts to act."  Moore v. United States Dist. Ct. for Dist. of Ariz., Civil Action No. 10-0434, 2010 WL 1005757, at *1 (D.D.C. Mar. 16, 2010) (citing Jackson v. Camilletti, No. 09-1110, 2009 WL 1708802, at *1 (D.D.C. June 17, 2009)).  A district court judge cannot "deny another district judge his or her lawful jurisdiction."  Id. (quoting Dhalluin v. McKibben, 682 F. Supp. 1096, 1097 (D. Nev. 1988)); see Watford v. Peterson, Civil Action No. 15-1206 (RC), 2015 WL 8215545 (D.D.C. Dec. 8, 2015) (refusing to review the decisions of another federal district judge or to intervene in proceedings in another district because the court lacked jurisdiction).

As the government explains in its response, Mr. Singleton's current incarceration results from his convictions in the Middle District of Florida and is unrelated to any case before this Court.  See Govt. Resp. at 2.  Mr. Singleton does not explain why he believes his current incarceration in Florida is connected to the proceedings from two decades ago in the District of Columbia, and the Court is unable to find any such connection.  Furthermore, there is no basis to support Mr. Singleton's allegation that the BOP or the U.S. Marshals Service failed to comply with this Court's memorandum opinion and order of December 4, 2001, or that he remains incarcerated based on any charges brought in the District of Columbia.

The proceedings in the Middle and Southern Districts of Florida are not within the jurisdiction of this Court. This Court therefore lacks the power to review those courts' decisions, or to force those courts to reconsider the sentences stemming from them. Accordingly, there is no basis to grant relief in the instant matter in this Court. For the foregoing reasons, it is hereby

ORDERED that Mr. Singleton's request for relief as detailed in his Letter [Dkt. No. 436] is DENIED.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 10/1/24